SUMMERS v. CAREY.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

1. BROKERS—COMPLETION OF CONTRACT—EVIDENCE—SUFFICIENCY.

In an action to recover a commission promised to plaintiff by defendant if he could induce his employer to sell a piece of land for a certain lower price than he originally asked therefor, evidence that plaintiff, in conversation with his employer, suggested to him that the lower price offered was a fair price, and that the employer accepted such price the following day, is not sufficient to sustain a finding that plaintiff was the efficient cause of the acceptance of the lower price, especially where the plaintiff failed to call his employer to testify to what influence plaintiff exerted on his determination.

2. CONTRACTS—VALIDITY—EMPLOYER AND EMPLOYE—INFLUENCE—EXERTION—MORALITY.

A contract whereby, for a consideration moving from a third person, a clerk agrees to influence his employer to accept a lower price for property about to be sold than was first asked, cannot be enforced in the absence of a showing that the employer knew that his clerk was serving the interest of the purchaser; such a contract being against good morals.

Appeal from municipal court, borough of Brooklyn, First district.

Action by William M. Summers against Isaac H. Carey. From a judgment of the municipal court of the city of New York in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Thomas F. Fitzhugh Lee, for appellant.
George P. Beebe, for respondent.

WILLARD BARTLETT, J. This is an action to recover commissions for the alleged services of the plaintiff, who was a clerk in the employment of George Powers, in inducing Mr. Powers to sell a piece of land to the defendant for $10,000, instead of $12,000, the price first asked for the property. I can discover no evidence whatever tending to show that anything done by the plaintiff in the matter operated as an inducement to Mr. Powers to lower the price. When asked what he did, the plaintiff answered:

"In the meantime I had made some inquiries. Mr. Powers talked to me about the price offered, and I suggested to him that ten thousand dollars was a fair price; and the next day, after sleeping over it, Mr. Powers told me to tell Mr. Carey that he could have it for ten thousand dollars."

This is not enough to warrant a finding that the plaintiff was the efficient cause in bringing about the reduction in the price to the sum at which the defendant was willing to purchase. Evidence of that

kind is essential to make out a cause of action in a case of this character. Colwell v. Tompkins, 6 App. Div. 93, 39 N. Y. Supp. 478, affirmed in 158 N. Y. 690, 53 N. E. 1124. It is a significant fact that the vendor himself, who could have testified to the influence exerted by the plaintiff, if he really exercised any, was not called as a witness in support of the claim. For this defect in the proof, the judgment must be reversed.

I think it proper to add that it is very difficult to see how the plaintiff can be allowed to recover in this action unless the proof is supplemented by evidence showing not only that the plaintiff's influence was the efficient cause in bringing about a sale at the reduced price, but also that his employer, the vendor, was aware of the fact that the plaintiff was acting for the purchaser in endeavoring to bring about the reduction which the purchaser desired. Both the plaintiff and the defendant agree that there was a promise to pay a commission. The plaintiff contends that the promise was absolute in the event of the sale for $10,000. According to the defendant, however, he did not agree to pay anything to the plaintiff unless he received a commission from the purchaser. The testimony of the plaintiff is that Mr. Carey said to him, "if I could get Mr. Powers to take $10,000 for the property, he would give me $50, or half of the commissions." The defendant testifies that he finally said to the plaintiff, "Well, if Mr. Powers pays me a commission, I don't know that I shall object to giving you a part of it." Whichever statement of the agreement is correct, it clearly imports a contract against good morals, if it contemplated the exercise of influence by the defendant upon his employer, Mr. Powers, to induce Mr. Powers to accept a less sum than he was disposed to take for his property, without any knowledge on the part of Mr. Powers that his clerk was thus endeavoring to serve the purchaser.

Judgment reversed and new trial ordered; costs to abide the event. All concur.